United States Courts
Southern District of Texas
FILED

JUN 20 2023

Nathan Ochsner, Clerk of Court

**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **Emmitt Johnson,** | ) Civil Action No. |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| **Meridian Energy Group Inc,** | ) |
| | ) **Complaint** |
| | ) **Jury Trial Demanded** |
| Defendant, | ) |
| | ) |

## COMPLAINT

Plaintiff, Emmitt Johnson, on behalf of himself (hereinafter "Plaintiff"), hereby sues Meridian Energy Group Inc (hereinafter "Defendant"), and alleges as follows:

## INTRODUCTION

1. This is an action for damages arising from Defendant's violations of 47 *U.S.C.* § 227, *et seq., Telephone Consumer Protection Act (hereinafter "TCPA"), 16 C.F.R. 310.4 et seq and Texas Business and Commerce Code § 302.101, et. Seq.*

2. Plaintiff brings this action for damages and any other available legal or equitable remedies resulting from illegal actions of Defendant. Defendant negligently, knowingly, and/or willfully placed telephone calls to Plaintiff's cellular phone in violation of the Telephone Consumer Protection Act, 47 U.S.C § 227 et seq., ("TCPA"). Additionally, 47 C.F.R. 64.1200(c)(2) prohibits calling any number on the National Do Not Call Registry and 16 C.F.R. 310.4(b)(iii)(A) which prohibits calling anybody who has previously asked not to be called. Additionally, the Texas Business and Commerce Code § 302.101, et seq., which requires a registration certificate.

3. The TCPA was designed to protect the privacy of citizens by preventing the types of calls described in this complaint. Mims v. Arrow Fin Servs., LLC, 132 S. Ct. 740 (2012) ("Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA").

1

4.  In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them an made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. "TCPA," Pub.L. No 102-243 § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* At § 12.

5.  Congress also specifically found that "the evidence presented to Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call..." *Id.* at §§ 12-13.

## JURISDICTION AND VENUE

6.  This Court has original jurisdiction over Plaintiff's TCPA claims. Mims v. Arrow Fin. Serv., LLC, 132 S. Ct at 745 (2012).

7.  Venue is proper in the United States District Court for the Southern District of Texas Pursuant to 28 U.S.C. § 1391(b) because Defendant is subject to personal jurisdiction in Harris County, State of Texas as it conducts business in the county and Plaintiff is a resident of Fort Bend County, State of Texas.

## PARTIES

8.  Plaintiff is, and at all times mentioned herein was, an adult individual residing in Texas in the County of Fort Bend.

9.  Defendant Meridian Energy Group Inc can be served thru it registered agent Brian Whitt at 92 Corporate Park Suite C-333, Irvine, Ca. 92606.

## FACTUAL ALLEGATIONS

10. Defendant has engaged in solicitation by contacting Plaintiff's cell phone ending in (4156) without his prior expressed written consent.

11. Defendant has attempted to solicit money from Plaintiff to invest in energy stock without his prior expressed written consent.

12. Defendant violated the National Do Not Call Registry on which Plaintiff has been listed since August 5, 2003. Defendant and/or their agents knew or should have known that plaintiff's number was listed on the National Do Not Call Registry.

13. On June 07, 2017, at 04:03pm Plaintiff answered his cell phone from the Defendant and said stop calling.

14. Plaintiff sent the Defendant a Certified demand letter number 70140150000238981221 dated June 21, 2018, that included forty-five separate calls from May 26, 2016, thru June 15, 2017, with multiple violations per call. The Defendant did not respond.

15. Defendant placed at least eight calls to Plaintiff's cell phone ending in 4156 from 949-860-1710, 949-300-2331, 949-860-1716, which belong to Meridian Energy Group Inc. The dates and times of the phone calls are as follows:

    - August 21, 2019, at 02:59pm
    - September 05, 2019, at 11:26am
    - October 18, 2019, at 12:10pm
    - October 23, 2019, at 02:21pm
    - October 29, 2019, at 03:00pm
    - November 05, 2019, at 10:32am
    - November 09, 2019, at 10:53am
    - May       05, 2020, at 04:12pm

16. Each of these telephone communications was a "telephone solicitation" as defined by 47 U.S.C. § 227 (a)(4).

17. None of the defendant's calls were for emergency purposes as contemplated by 47 U.S.C. § 227(b)(1)(A).

18. Each of the Defendants' calls violated 47 U.S.C. § 227(b)(1)(A)(iii) which prohibits calling cell phones (whether the phone call is from a live or recorded message).

19. Defendants' calls violated 47 U.S.C. § 227(b)(1)(B) which prohibits calling a land line or cell phones with a recorded message unless the company calling has a business relationship with the recipient.

20. At no point did the Plaintiff provide Defendant with his cellular telephone number ending in "4156". Accordingly, Defendant did not have prior expressed written consent to call Plaintiff and make these telephone solicitations, as contemplated by 47 U.S.C. § 227(a)(4). Each of the Defendants' calls violated TCPA.

21. Each of the Defendants' and/or their agents calls violated 16 C.F.R. 310.4(b)(iii)(A) which prohibits calling anybody who has previously asked not to be called.

22. Each of the Defendants' and/or their agents calls violated 47 C.F.R. 64.1200(c)(2) by calling Plaintiff's cell phone number which is listed in the National Do Not Call list.

23. Each of the Defendants' call violated Sec. 302.101. (a)(b) A seller may not make a telephone solicitation from a location in this state or to a purchaser located in this state unless the seller holds a registration certificate for the business location from which the telephone solicitation is made. A separate registration certificate is required for each business location from which a telephone solicitation is made.

## COUNT 1
## NEGLIGENT VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 ET SEQ, 47 C.F.R. § 64.1200 16 C.F. R. 310.4 Et seq.,

24. Plaintiff alleges and incorporates the information in paragraphs 1through 22.

25. The foregoing acts and omissions of the Defendants and/or their agents constitute at least **forty** separate violations of the TCPA, including but not limited to each one of the above-cited provisions of 47 U.S.C. § 227 et seq.; 47 U.S.C. § 227 (b)(1)(A)(iii); 47 U.S.C. § 227(b)(1)(B); 47 U.S.C. § 227(b)(3); 47 C.F.R. § 64.1200(b)(1); 47 C.F.R. § 64.1200(c)(2). 16 C.F.R. 310.4(b)(iii)(A).

26. As a result of the Defendant's negligent violations of 47 U.S.C. § 227 et seq., pursuant to 47 U.S.C. § 227(b)(3)(B), 47 U.S.C. § 227(C), Plaintiff is entitled to an award of $500.00 in statutory damages for each violation.

## COUNT II
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 ET SEQ., 47 C.F.R. § 64.1200. 16 C.F.R. 310.4 et.

27.   Plaintiff incorporates by reference all paragraphs 1 thru 22 and 24 thru 26 of this Complaint as though fully stated herein.

28.   The foregoing acts and omissions of the Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each one of the cited provisions of 47 U.S.C. § 227 et seq. 16 C.F.R. 310.4(b)(iii)(A).

29.   As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., pursuant to 47 U.S.C. § 227(b)(3)(B), 47 U.S.C. § 227(b)(3)(C), 47 U.S.C. § 227(C). and 16 C.F.R. 310.4(b)(iii)(A), Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each violation.

## COUNT III
## NEGLIGENT VIOLATION OF TEXAS BUSINESS AND COMMERCE CODE SEC. 302.101.

30.   Plaintiff alleges and incorporates the information in paragraph 23.

31.   The foregoing acts and omissions of the Defendants and/or their agents constitute at least **eight** separate violations of the Sec. 302.101. of Texas Business and Commerce Code while engaged in continuous and repetitive telephone solicitation of Plaintiff without obtaining a registration certificate from the Office of the Secretary of State.

32.   Sec. 302.101(a) of the Texas Business and Commerce Code provides that a person who violates this chapter is entitled to a civil penalty no more than $5,000 for each violation. Furthermore Sec. 302.302(d) provides that the party bringing the action is also entitled to recover all reasonable costs of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney's fees and enforcement.

## PRAYER AND RELIEF

WHEREFORE, Plaintiff prays that this Court grant Plaintiff the following relief against Defendant:

a. Statutory damages of $500 for each violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

b. Additional statutory damages of $500.00 per violation as provided under 47 U.S.C. § 227(C).

c. Treble damages of up to $1,500.00 for each violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3).

d. Additional treble damages of $1,500.00 per violation as provided under 47 U.S.C. § 227(C).

e. A person who violates Sec. 302.101. of Texas Business and Commerce Code is subject to a civil penalty of not more than $5,000 for each violation under Sec. 302.302.

f. The party bringing the action under Sec. 302.101 is also entitled to recover all reasonable costs of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney's fees as enforcement of Sec. 302.302.

g. Such other relief as the Court Deems just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Submitted this 15th day of June 2023

Emmitt Johnson
Pro Se
P.O. Box 221
Fresno, TX 77545
(281)536-4156
Email: ewjohn47@gmail.com