UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EMMITT JOHNSON, *Plaintiff* | § § § | |
| vs. | § § | CIVIL ACTION 4:23-CV-02260 |
| MERIDIAN ENERGY GROUP INC. *Defendant* | § § § | |

**DEFENDANT MERIDIAN ENERGY GROUP INC.'S ORIGINAL ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant MERIDIAN ENERGY GROUP INC. ("Defendant"), by and through its counsel, hereby files its Answer, Defenses, and Affirmative Defenses responding, by corresponding numbers, to each of the numbered paragraphs of the Complaint filed by Plaintiff EMMITT JOHNSON ("Plaintiff").

1.  Defendant denies that it is in violation of 47 U.S.C. § 227, et seq, Telephone Consumer Protection Act ("TCPA"), 16 C.R.F. § 310.4, et seq and Texas Business and Commerce Code ("TBBC") § 302.101, et seq.

2.  Defendant is without knowledge or information sufficient to form a belief as to the allegations regarding Plaintiff's motivation for filing this suit, therefore denies those allegations in paragraph 2. Defendant denies the remainder of the allegations in paragraph 2.

3.  Defendant answers paragraph 3 of the Complaint by stating that the genesis and design of the TCPA speaks for itself. The allegations set forth in paragraph 3 of the Complaint

1

constitute legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 3.

4. Defendant answers paragraph 4 of the Complaint by stating that the intent of the TCPA speaks for itself. The allegations set forth in ¶4 of the Complaint constitute conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 4.

5. Defendant answers paragraph 5 of the Complaint by stating that the findings of Congress regarding the TCPA speak for themselves. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 5.

6. Defendant agrees that this Court has original jurisdiction over Plaintiff's TCPA claims, as stated in paragraph 6.

7. Defendant agrees that this Court has venue over the claim, as stated in paragraph 7.

8. Defendant has no knowledge of the allegations therein and therefore denies paragraph 8.

9. Defendant admits paragraph 9.

10. Defendant has no knowledge of the allegations therein and therefore denies paragraph 10.

11. Defendant has no knowledge of the allegations therein and therefore denies paragraph 11.

12. Defendant has no knowledge of the allegations therein and therefore denies paragraph 12.

13. Defendant has no knowledge of the allegations therein and therefore denies paragraph 13

14. Defendant has no knowledge of the allegations therein and therefore denies paragraph 14.

15. Defendant has no knowledge of the allegations therein and therefore denies paragraph 15.

16. Defendant denies the allegations in paragraph 16.

17. Defendant denies the allegations in paragraph 17.

18. Defendant denies the allegations in paragraph 18.

19. Defendant denies the allegations in paragraph 19.

20. Defendant denies the allegations in paragraph 20.

21. Defendant denies the allegations in paragraph 21.

22. Defendant denies the allegations in paragraph 22.

23. Defendant denies the allegations in paragraph 23.

24. Defendant incorporates its responses to paragraphs 1 through 22 of the Complaint in response to paragraph 24.

25. Defendant denies the allegations in paragraph 25.

26. Defendant denies the allegations in paragraph 26.

27. Defendant incorporates its responses to paragraphs 1 through 22 and 24 through 26 of the Complaint in response to paragraph 27.

28. Defendant denies the allegations in paragraph 28.

29. Defendant denies the allegations in paragraph 29.

30. Defendant denies the allegations in paragraph 30.

31. Defendant denies the allegations in paragraph 31.

32. Defendant denies the allegations in paragraph 32.

33. To the extent the unnumbered "PRAYER AND RELIEF" immediately following Paragraph 32 of the Complaint requires a response, Defendant acknowledges that Plaintiff seeks the relief requested in subparagraphs a-g, but denies that Plaintiff is entitled to any of the relief requested and further denies that Plaintiff is entitled to any relief whatsoever from Defendant.

## AFFIRMATIVE DEFENSES

34. Assuming Defendant is legally responsible for some, if not all, of the alleged violations in the Complaint, Defendant asserts that the applicable statute of limitations for the TCPA bars Plaintiff's claims in paragraphs 24 through 29 for phone calls made prior to June 20, 2019. The statute of limitations for the TCPA claims is four years, 28 U.S.C. § 1658(a). *Aguilar v. Ocwen Loan Servicing, LLC*, No. 3:17-CV-1165-B, 2018 WL 949225, at *3 (N.D. Tex. Feb. 20, 2018). Plaintiff filed this suit June 20, 2023, and therefore is barred from bringing claims for any alleged violations of the TCPA that occurred earlier that four years prior to filing of suit.

35. Assuming Defendant is legally responsible for some, if not all, of the alleged violations in the Complaint, Defendant asserts that the applicable statute of limitations bars Plaintiff's state law claims in paragraphs 30 through 32 for phone calls made prior to June 20, 2021. The statute of limitations for the statute of limitations for the Texas claims is two years, Tex. Civ. Prac. & Rem. Code § 16.003(a). *Aguilar v. Ocwen Loan Servicing, LLC*, No. 3:17-CV-1165-B, 2018 WL 949225, at *3 (N.D. Tex. Feb. 20, 2018). Plaintiff filed this suit June 20, 2023, and therefore is barred from bringing claims for any alleged violations state law that occurred earlier that two years prior to filing of suit.

36. Defendant asserts that it has never used an automated telephone dialing system (ATDS) or an artificial or prerecorded voice.

37. Defendant further asserts that it had established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c).

WHEREFORE, Meridian Energy Group Inc. respectfully requests that this Court dismiss Plaintiff's case with prejudice, enter judgment against Plaintiff, and award Defendant its reasonable attorneys' fees and costs for having to defend this case.

Date: July 25, 2023                                              Respectfully submitted,

 

*[signature]*

---

Carl 'Bo' Dawson
*Attorney in Charge for Defendant*
*Meridian Energy Group Inc.*
SBN05599100
Southern District Number 16860
Ryan & Dawson
770 South Post Oak Lane, Ste. 600
Houston, Texas 77056
Tel: (713) 960-1555
Fax: (713) 960-8497
Email: cdawson@rdlaw.com

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of this, Defendant's Original Answer to Plaintiff's Complaint, was served upon all other parties via ECF on July 25, 2023.

_____
Carl Dawson

S:\Shared Folders\HOUSTON\Meridian Energy Group\Emmitt Johnson\Pleadings Motions\Meridian - 2023-07-25 - Original Answer.docx